IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | *|
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-12-1449 |
| $41,320 U.S. CURRENCY, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

The United States filed a complaint for forfeiture of $41,320 in United States currency seized during the execution of a search warrant. ECF No. 1. The Court entered an order of forfeiture. ECF No. 8. Abdul Zakaria,[1] *pro se*, moved to set aside the forfeiture, and the Court denied the motion. ECF Nos. 9, 12. Pending is Zakaria's motion for relief from the Court's order denying his previous motion. ECF No. 18. No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the following reasons, the motion will be granted.

---

[1] Also known as Tamim Mamah. ECF No. 11 ¶ 3.

I. Background[2]

On May 13, 2011, Zakaria was arrested by the Drug Enforcement Administration for possession with intent to distribute heroin. ECF No. 1 at 4. On July 7, 2011, he was indicted for conspiracy to distribute heroin, and pled guilty on September 21, 2011. *Id.* On July 29, 2011, law enforcement officers executed a search warrant at the home of Karen Kimble, Zakaria's wife, for evidence of perjury and marriage fraud. *Id.* at 4-5. Officers seized $41,320.00 from a gym bag. *Id.* at 5. Kimble initially said that the money did not belong to her, and she had obtained it from a person named "Enoch" at her husband's direction. *Id.* On September 30, 2011, Kimble asserted that she owned the money and had obtained it as part of an insurance settlement for an electrical fire in her home; she said that she and Zakaria planned to use the money to buy a truck. *Id.*

On December 8, 2011, Zakaria told law enforcement agents that Kimble had given him the seized money to start a business, and he had given the money to Enoch to hold. *Id.* at 5-6. He had asked Kimble to meet Enoch to retrieve the money. *Id.* at 6. However, he denied that he planned to use the money to buy a truck. *Id.* He also acknowledged that he had not started the

---

[2] The facts are taken from the government's verified complaint for forfeiture, ECF No. 1, the government's oppositions to Zakaria's motions, ECF Nos. 11, 21, and their accompanying exhibits.

company with the money. *Id.* During that conversation, which occurred "after the property was seized but before the Government filed its forfeiture complaint," the agents "discussed the seizure of the defendant property" with Zakaria. ECF No. 21 at 7. Zakaria did not indicate that he "intended to contest the forfeiture of the defendant property." *Id.* at 6.

On May 14, 2012, the government filed a verified complaint for forfeiture of the money under 18 U.S.C. § 981(a)(1)(A) and (C) and 18 U.S.C. § 983. ECF No. 1. Beginning on May 16, 2012, a notice of the pendency of the case was posted on the official government website for 30 days. ECF No. 7 ¶ 4. Also, on May 16, 2012, the government mailed notice of the forfeiture action to Kimble at her place of residence. ECF No. 21-1. On June 7, 2012, Kimble filed a verified claim and answer. ECF Nos. 1 at 5; 3; 7 ¶ 5. On September 25, 2012, she withdrew her claim to the money. ECF Nos. 6, 7 ¶ 6. No one else asserted a claim. ECF No. 7 ¶ 7. On November 15, 2012, the government moved for forfeiture of the property. ECF No. 7. On November 16, 2012, the Court issued a final order of forfeiture. ECF No. 8.

On October 3, 2013, Zakaria moved to set aside the forfeiture, on grounds that he did not receive adequate notice--specifically written notice--of the forfeiture proceeding, in violation of his Fifth Amendment rights. *See* ECF No. 9 ¶¶ 7-9, 11-12. He also stated that, because he was incarcerated, he

could not access the notice posted on the government's website. *Id.* ¶ 6. On October 24, 2013, the government opposed the motion by letter, arguing that: (1) Zakaria was not a claimant to the money because "he never made a claim for the seized currency;" (2) the government complied with all legal requirements for notice; and (3) Zakaria had actual notice of the forfeiture proceedings from conversations with Assistant U.S. Attorney Peter Nothstein. ECF No. 11. On October 30, 2013, the Court denied Zakaria's motion, finding that the notice given satisfied due process, because the government complied with the statutory requirements for publishing notice and the government discussed the forfeiture proceedings with Zakaria. *See* ECF No. 12 at 2-3.

On December 5, 2013, Zakaria filed a notice of appeal of the Court's order. ECF No. 13. The same day, Zakaria moved for relief from the Court's October 30, 2013 judgment, arguing, *inter alia*, that the Court incorrectly concluded that he had received constitutionally sufficient notice. ECF No. 18 at 3. On March 4, 2014, the government opposed the motion. ECF No. 21.

II. Analysis

   A. Legal Standard

   Zakaria asserts that he is entitled to reconsideration of the Court's prior judgment under Federal Rule of Civil procedure 60(b)(3) and 60(b)(4).[3]

   Under Rule 60(b), a court may grant relief from a judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reasons that justify relief. *Aikens v. Ingram*, 652 F.3d 496, 500 & n. 3 (4th Cir. 2011).[4]  However, when a Rule

---

[3] A motion to reconsider a judgment may be construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), or a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed.R.Civ.P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992). Because Zakaria filed his motion more than 28 days after the judgment, *see* ECF Nos. 12, 18, it is properly considered under Rule 60(b).

[4] Ordinarily, in Rule 60(b) actions, the movant must make a threshold showing of all the following: "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assocs.*, 305 F. App'x 987, 988 (4th Cir. 2009) (*quoting Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). However, these requirements do not apply when the movant asserts that the judgment is void under Rule 60(b)(4). *Girardi v. Heep*, 203 F.3d 820, at *2 (4th Cir. 1999); *Campbell v. Beane*, CIV.A. 2:08-1102, 2012 WL 2998576, at *2 (S.D.W. Va. July 23, 2012) (*citing* 11 Wright and Miller, *Federal Practice & Procedure*, § 2862 (2d ed.)).

60(b) "motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized." *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002) *aff'd*, 86 F. App'x 665 (4th Cir. 2004) (*quoting United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)).

B. Void Judgment Under Rule 60(b)(4)

A judgment is void under Rule 60(b)(4) only when "the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). Zakaria does not argue that the Court lacked jurisdiction to render the previous order.

Although a judgment is not void under Rule 60(b)(4) "merely because it is erroneous," *Wadley v. Equifax Info. Servs., LLC*, 296 F. App'x 366, 368-69 (4th Cir. 2008) (internal quotations omitted), a judgment may be void because a party was "deprive[d] . . . of notice or the opportunity to be heard," *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S. Ct. 1367, 1377, 176 L.Ed.2d 158 (2010); *see also Girardi*, 203 F.3d at *2.

In civil forfeiture actions, to comply with due process, notice of the forfeiture proceedings "must be reasonably calculated, under all the circumstances, to apprise the petitioner of the action." *United States v. Munson*, 477 F. App'x 57, 63 (4th Cir. 2012) *cert. denied*, 133 S. Ct. 315, 184

6

L. Ed. 2d 187 (U.S. 2012) (internal quotations omitted) (*citing Dusenbery v. United States*, 534 U.S. 161, 173, 122 S. Ct. 694, 151 L.Ed.2d 597 (2002); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L.Ed. 865 (1950)). The notice required depends on the circumstances. *Jones v. Flowers*, 547 U.S. 220, 226, 126 S. Ct. 1708, 1714, 164 L.Ed.2d 415 (2006).

Under Federal Rule of Civil Procedure G(4), the government must send direct notice of a forfeiture action "to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim." Fed. R. Civ. P. Supp. G(4)(b)(i). Here, the government contends that it "had no reason to believe that Abdul Zakaria had an interest in the defendant property," because he was incarcerated on charges unrelated to those that led to the seizure of the money and "represented that he had turned over the money" Kimble had given him "to a third party" and "conceded that he had never attempted to use the money to start any business." ECF No. 21 at 5-6. However, the declaration supporting the government's verified complaint for forfeiture indicates that Zakaria told agents that Enoch was *holding* the money for him and that Kimble retrieved the money from Enoch at Zakaria's request. *See* ECF No. 1 at 5-6. Although Enoch and Kimble had custody of the money at various times, there is no

indication in the declaration or elsewhere that Zakaria intended to relinquish ownership of the funds. Further, the government acknowledges that this discussion--which indicated that Zakaria was a "potential claimant" to the seized money--occurred before the government filed the action for forfeiture. *See* ECF No. 21 at 7. Accordingly, based on the facts known to the government when it filed its forfeiture complaint, Zakaria "reasonably appeared" to be a person entitled to direct notice. *See* Rule G(4)(b)(i).

Because Zakaria was incarcerated during the forfeiture proceeding, due process and Rule G required the government to send him written notice of the proceeding at the place where he was incarcerated.[5] *See* Rule G(4)(b)(iii)(C); *United States v. Minor*, 228 F.3d 352, 354, 357-59 (4th Cir. 2000) (publication notice, notice to residence, and notice to jail in which individual was not incarcerated was constitutionally inadequate when owner of seized property did not receive written notice of seizure at place where government knew he was incarcerated). The government concedes that they did not send this notice but

---

[5] Notice to Zakaria's wife at his residence was insufficient, because notice sent "only to the owner's home address while the owner was being held in state custody" is not "constitutionally adequate notice of a forfeiture." *United States v. Minor*, 228 F.3d 352, 357 (4th Cir. 2000) (*citing Robinson v. Hanrahan*, 409 U.S. 38, 93 S. Ct. 30, 34 L.Ed.2d 47 (1972)). There is no indication in the record that Kimble told Zakaria about the forfeiture proceeding.

argues that Zakaria had actual notice of the forfeiture proceeding because of his conversation with federal agents on December 8, 2011.[6] See ECF No. 21 at 5-7.

"A putative claimant's actual knowledge of a forfeiture proceeding can defeat a subsequent due process challenge, even if the government botches its obligation to furnish him with notice." United States v. One Star Class Sloop Sailboat, 458 F.3d 16, 22 (1st Cir. 2006) (quoted in Munson, 477 F. App'x at 64). It is undisputed that the government told Zakaria about the seizure of the money during their conversation on December 8, 2011. See ECF Nos. 21 at 7; 18 at 2-3, 5. However, the record does not indicate that this conversation gave Zakaria notice of the forfeiture *proceeding*--which was initiated after the December 8, 2011 conversation--only notice of the seizure of

---

[6] In the government's letter opposition to Zakaria's previous motion, the government asserts that Assistant U.S. Attorney Nothstein "personally discussed the forfeiture matter with Mr. Zakaria, as well as the claim made by his wife" before the government moved for forfeiture. ECF No. 11 at 1. However, the government does not specify when this conversation occurred or provide any further details. In its most recent opposition to the current motion, the government asserts that Zakaria had actual notice of the forfeiture because of his December 8, 2011 conversation with "federal agents." See ECF No. 21 at 7. Accordingly--because the government has not indicated that Zakaria's conversation with Nothstein occurred separately from the December 8, 2011 discussion with federal agents--the Court will rely on the government's contentions in its most recent opposition as to when and how Zakaria attained actual notice.

9

the money.⁷ *See, e.g.*, ECF No. 21 at 7. "[A] claimant's knowledge of a seizure, without more, is insufficient to defeat a challenge premised on an absence of actual notice." *One Star Class Sloop Sailboat*, 458 F.3d at 22; *see also Munson*, 477 F. App'x at 64 (notice constitutionally adequate when claimant "had actual knowledge of the *forfeiture proceedings*" as shown by a letter to his attorney in which he mentions "'the civil suit on the house'") (emphasis added).

Accordingly, because Zakaria has shown that the Court's previous order forfeiting the property was entered without constitutionally adequate notice, he is entitled to relief under Rule 60(b)(4).⁸ The Court will grant Zakaria's motion and vacate the previous order of forfeiture.⁹

---

⁷ Zakaria states that "the Government failed to inform Defendant regarding his rights during the pendency of the forfeiture proceedings." ECF No. 18 at 8. In its opposition, the government notes only that "federal agents discussed the seizure of the defendant property." ECF No. 21 at 7.

⁸ Because Zakaria has shown that he is entitled to relief from the Court's previous judgment under Rule 60(b)(4), the Court will not consider his arguments that he is also entitled to relief under Rule 60(b)(3).

⁹ Zakaria also requests that the Court "enter an Order for the return of the Defendant's property because the statutory time period for sending out written notices is, in no case more than 60 days from the date of the seizure." ECF No. 18 at 7. The Court will order the government to show cause why the property should not be returned to Zakaria.

III. Conclusion

For the reasons stated above, Zakaria's motion for relief from the judgment will be granted.

3/24/14
Date

/s/ William D. Quarles, Jr.
William D. Quarles, Jr.
United States District Judge