IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

Original Forfeiture Case No.: WDQ-12-1449

UNITED STATES OF AMERICA
        PLAINTIFF,

v.                                      Civil No.:_____

Abdul Zakaria
aka, Tamim Mamah
In re: $41,320.00 U.S. Currency
        OWNER/CLAIMANT.

**CLAIMANT ABDUL ZAKARIA'S REPLY
TO GOVERNMENT'S RESPONSE TO CLAIMANT'S
OBJECTION TO ITS SPECIAL INTERROGATORIES**

NOW COMES, Claimant Abdul Zakaria proceeding pro se and hereby respectfully files this response to Government's response to Claimant Zakaria's motion for relief from Government's untimely special interrogatories. Claimant Zakaria asserts the following in support of his response.

On June 5, 2014, the Government filed its response to Claimant Zakaria's objection and relief from its special interrogatories. Government had filed its special interrogatories on May 22, 2014, and was received by Claimant Zakaria on May 27, 2014. By this date, Government's special interrogatories was <u>late</u> for at least seventeen (17) days. Hence, its special interrogatories was filed within thirty-eight (38) days after Claimant Zakaria had filed his motion to dismiss Government's complaint and notice of the forfeiture action. The deadline on which Government was required by statute to file its special interrogatories expired on May 5, 2014. (April 15, 2014 - May 5, 2014 - 21 days period).

1

Claimant Zakaria still contend that the filing of Government's special interrogatories outside of the 21 days period authorized by statute "Rule G(6)(a)," rendered the special interrogatories outside the statutory framework and therefore not in sync with the law, or unenforceable by the Court. Claimant Zakaria further contend that the failure of the Government to file its special interrogatories within the period authorized by the statute implies that the Government had intelligibly waived what was once its right to do so.

The Government's June 5, 2014, response alleged that on May 22, 2014, it had filed a Motion for Leave to Amend its Forfeiture Complaint. The Government however did not serve Claimant Zakaria a copy of its motion for leave to amend. The Government's June 5, 2014, response did not dispute that the filing of its special interrogatories was untimely. In fact by inference, the Government admitted that it special interrogatories was untimely. The Government however argued that "(If) the court grants the motion for leave to amend, the special interrogatories (will) be timely, and there will be no need for the Government to respond otherwise to Mr. Zakaria's motion."(See. Doc. 41, page 1: filed 6/5/14 at lines 7-9).

Indeed, the reasons offered by the Government to justify why it filed a Motion for Leave to Amend is seriously troubling for two main reasons:

(1) "Prejudice and Bad Faith." The Government is arguing that to enable the Government to by-pass, unfairly overcome, and avoid responding to Claimant Zakaria's Motion to dismiss and for Summary judgment, the Government had in fact crafted and engaged in an attempt to obtain unfair advantage over Claimant Zakaria as a remedy to reset and regain the 21 days period lost as a result of the untimely filing of its special interrogatories.

(2) Since Government's only reason for filing a motion is to amend to

2

avoid responding to Claimant Zakaria's Motion to dismiss and for Summary Judgment, and to overcome the expiration of the 21 days time period for filing its special interrogatories, such motions set a very bad precedent which leaves the public and Claimant Zakaria with the impression that the Government can <u>alter</u> the contours of justice in its favor at anytime when it has reason to believe that it failure to act within the law or statutory timeframe is posing a procedural bar to its case.

Clearly, the Government's explicit reason for requesting a Motion for Leave to Amend its Forfeiture Complaint is in bad faith, prejudicial and anathema or counter productive to justice and fairness.

Moreover, Government's motion to leave to file an amended complaint will be futile where, the time period for measuring <u>service</u> of special interrogatories <u>is not</u> the date of the filing of the "complaint" or amended complaint, but rather Claimant Zakaria's "motion to dismiss." And where as here, the time period for serving special interrogatories <u>cannot</u> be made <u>retroactive</u> after the fact, especially where the time period for doing so has expired along with the right to do so.

Additionally, an amended motion will be futile because Government would still be unable to overcome Section 983(a) 60 days time period for sending written notice to Claimant Abdul Zakaria, where the Government's notice of the forfeiture action was sent <u>10,680</u> days after the seizure of Claimant Zakaria's currency contrary to statute. Section 983(a)(1)(A)(i). This 60 days notice period is applicable to this case as it is explicitly referenced by each of Section 983(a) subdivisions (a)(i),(ii),(iii), and (v). Since the Government cannot overcome this 60 days notice requirement in this forfeiture action, an amended complaint will still be futile.

Also an amended complaint will be futile where the Government forfeiture

complaint have <u>fundamental</u> defects which cannot be cured by amending the pleading in the absence of prejudice to Claimant Zakaria. The Government's forfeiture complaint relied solely on Special Agent Eli Bupp's investigation and declaration under oath, which taken at face value is completely devoid of any specific allegation of unlawful activity which has link or connection with Claimant Zakaria's seized currency. The basis of any other information which is not contained in the findings of the investigative report which has been reduced to the sworn affidavit of Special Agent Eli Bupp will have no basis or foundation with the seized currency because it was never mentioned in his affidavit which he swore to be "truth. Additionally, On May 13, 2012, Assistant United States Attorney Peter M. Nothstein also swore and verify Special Agent Eli Bupp's affidavit under the penalty of perjury, that the foregoing complaint for Forfeiture is based on reports and information furnished to the Assistant United States Attorney by the Department of Homeland Security, Customs and Border Protection, rendering Special Agent Eli Bupp's affidavit and declaration as the sole basis or the foundation of the forfeiture complaint. (See: Doc. 1, page 7-9, filed 5/14/12).

## CONCLUSION

In light of the Government's representation that its reason for filing the Motion for leave to amend, is to reactivate or restart the time period that has elapsed for the filing of its special interrogatories and to by-pass the need to respond to Claimant Zakaria's motion for summary judgment, Claimant Zakaria will request that the court order the Government to respond to his Motion to dismiss and for summary judgment and for a ruling that addresses both Claimant Zakaria's motions and the Government's responses and motion to amend at the same time.

WHEREFORE, for all the reasons stated herein, Claimant Zakaria requests that Government's motion for leave to amend be <u>denied</u>, and that his Motion for Relief and Summary Judgment be <u>GRANTED</u>, and that this forfeiture action be <u>DISMISSED WITH PREJUDICE</u>, and that this Honorable Court issued an "Order" for the return of his currency.

Respectfully submitted,

_Abdul Zakaria_

Abdul Zakaria (Pro Se)

#53470-037

CI Rivers

P.O. Box 630

Winton, NC 27986

June 10, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the United States Attorney's Office, Northern Division, Maryland, by affixing adequate first class postage stamps to facilitate its delivery, via the Rivers Correctional Institution inmate mailbox on June 10, 2014

Rod J. Rosenstein, United States Attorney

Stefan D. Cassella, Asst. United States Attorney

United States Attroney's Office

36 S. Charles Street, 4th Floor

Baltimore, Maryland 21201

Signed: _____

Abdul Zakaria (Pro Se)

#53470-037

CI Rivers

P.O. Box 630

Winton, NC 27986